# EXHIBIT A

## SETTLEMENT AND RELEASE AGREEMENT

This Settlement Agreement and Release ("Agreement") is made and entered into by and between Ryan Grayson and Jaylae Pruitt (collectively, "Plaintiffs") and the following: Mama Bhanja Enterprises, LLC ("MBE"), Huddle House, Inc., Shameet Desai, and Ravin Talati (collectively, "Defendants").

## RECITALS

WHEREAS, Plaintiffs and Defendants are currently involved in a civil dispute based upon and arising out of Plaintiffs' alleged former employment with Defendants in Case No. 1:17-cv-04667-ODE in the United States District Court for the Northern District of Georgia (the "Civil Action");

WHEREAS, Defendant Huddle House, Inc. denies it employed Plaintiffs or "jointly employed" Plaintiffs with Defendants MBE, Shameet Desai and Ravin Talati.

WHEREAS, Plaintiffs contend Defendants failed to pay Plaintiffs all wages due and unlawfully retaliated against them, and Defendants deny the existence and/or extent of their liability;

WHEREAS, in order to avoid the time, expense, and uncertainty of litigating the Parties' dispute, the Parties have agreed to settle and resolve all matters related to and arising out of Plaintiffs' claims against Defendants;

NOW THEREFORE, the Parties, intending to be legally bound, and in full consideration of the mutual promises, covenants, and undertakings hereinafter set forth, the receipt and sufficiency of which are hereby acknowledged, agree as follows:

## AGREEMENT

**1.     Payment:** In consideration for signing this Agreement and the fulfillment of the promises contained herein, Defendants Mama Bhanja Enterprises, LLC, Shameet Desai, and Ravin Talati (the "MBE Defendants") shall pay Plaintiffs and their counsel the total amount of Forty-Five Thousand Dollars and Zero Cents ($45,000.00) (the "Settlement Payment"). The MBE Defendants shall deliver the Settlement Payment to Plaintiffs' counsel as follows:

A.     One check made payable to Ryan Grayson in the gross amount of $6,643.50, less all appropriate taxes and withholdings, to represent settlement of Grayson's claims for unpaid wages. MBE will issue Grayson an IRS W-2 Form for this amount.

B.     One check made payable to Ryan Grayson in the total amount of $6,643.49 to represent settlement of Grayson's claims for liquidated damages and other non-wage damages.

1

  C. One check made payable to Jaylae Pruitt in the gross amount of $6,643.50, less all appropriate taxes and withholdings, to represent settlement of Pruitt's claims for unpaid wages. MBE will issue Pruitt an IRS W-2 Form for this amount.

  D. One check made payable to Jaylae Pruitt in the total amount of $6,643.49 to represent settlement of Pruitt's claims for liquidated damages and other non-wage damages.

  E. One check made payable to Michelle L. Wein in the total amount of $18,426.02 for payment of Plaintiffs' attorney's fees, costs, and other non-wage damages.

  Plaintiffs and their counsel agree to provide the MBE Defendants the requisite tax identification numbers and other information as requested by the MBE Defendants to execute the Settlement Payment as set forth herein. All parties to this Agreement acknowledge and agree that Huddle House, Inc. has no obligations to make any payments under this Agreement.

**2.** **Timing of Payment:** The checks described in Paragraph No. 1 of this Agreement shall be mailed to Plaintiffs' counsel so that they are actually received within three (3) business days after the Court approves this Agreement, or by February 9, 2018, whichever is later.

**3.** **Court Approval of Agreement and Dismissal with Prejudice.** The Parties agree that within one (1) business day after all Parties have executed this Agreement, they shall file a Joint Motion for Approval of Settlement, along with a proposed order granting the same. Upon entry of an order granting the Motion, Plaintiffs shall file the Joint Stipulation of Dismissal with Prejudice no later than one (1) business day after receipt and clearance of the Settlement Payment. The Parties will cooperate and take all necessary steps to effectuate final judicial approval of this Agreement and dismissal of this lawsuit. The failure to secure the dismissal of the Civil Action with prejudice, for whatever reason, will nullify this Agreement.

**3.** **Mutual Release:** In exchange for the consideration described herein, Plaintiffs, on behalf of themselves and their respective heirs, successors, agents, and all other related persons or entities, and Defendants, on behalf of themselves, each corporate Defendant's subsidiary, parent, and successor companies, and each individual Defendant's heirs, successors, agents, and all other related persons or entities, hereby unconditionally and irrevocably release, remise and forever discharge each other of and from any and all complaints, actions, suits, charges, claims for counsel fees and costs, unpaid or withheld wages, severance, demands, costs, losses, benefits, bonuses, or commissions, and/or expenses, of any nature whatsoever, asserted or unasserted, named or unnamed, suspected or unsuspected, which they ever had, now have, or hereafter may have against each other arising out of or relating to Plaintiffs' respective employment relationships with Defendants from the beginning of time through the date of this Agreement, including, without limitation, any and all actions, causes of action, personal injury claims, claims for or charges of breach of contract, defamation or other tort, wrongful termination, unpaid compensation, and/or for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, the Rehabilitation Act of 1973, the Civil Rights Act of 1991, the Americans with Disabilities Act of 1990, the Equal Pay Act, the Family and Medical Leave Act of 1993, the Fair Labor Standards Act of 1938, the Employee Retirement Income Security Act of 1974, the Lilly Ledbetter Fair Pay Act of 2009, the Sarbanes-Oxley Act of 2002, all as amended (if applicable), and any other federal, state, local

and/or municipal human rights statutes, fair employment statutes, laws and/or regulations pertaining to employment, the termination of employment, or discrimination in employment. It is expressly understood and agreed that the release contained in this Agreement is a general release. With respect to Plaintiffs' applications for or entitlement to unemployment insurance benefits, it is expressly understood that no party to this Agreement will further appeal any previous or forthcoming decision of the Board of Review or other decision-making body of the Georgia Department of Labor.

This Agreement and the mutual releases contained herein shall not apply to rights or claims that may arise after execution of this Agreement; nor shall any provision of this Agreement be interpreted to waive, release, or extinguish any rights that—by express and unequivocal terms of law—may not under any circumstances be waived, released, or extinguished. This Agreement does not act as a waiver of any party's right to enforce this Agreement.

**4.     No Outstanding or Known Future Claims/Causes of Action.** Each Party affirms that it has not filed with any governmental agency or court any type of action, report, or complaint against the other Party (other than the Civil Action), and currently knows of no existing act or omission by the other Party that may constitute a claim or liability excluded from the release in Paragraph No. 3 above. However, nothing in this Agreement shall be construed as having any bearing on any rights possessed by Huddle House, Inc. or the MBE Defendants under their Franchise Agreement, including but not limited to Huddle House, Inc.'s rights to seek indemnification from Mama Bhanja Enterprises, LLC for fees and costs and any other damages incurred as a result of this Action.

**5.     No Admission of Liability.** The Parties acknowledge that the Settlement Payment was agreed upon as a compromise and final settlement of disputed claims and that payment of the Settlement Payment is not, and may not be construed as, an admission of liability by Defendants and is not to be construed as an admission that Defendants engaged in any wrongful, tortious or unlawful activity. Defendants specifically disclaim and deny any liability to Plaintiffs. Defendant Huddle House, Inc. also specifically disclaims that it ever employed or jointly employed Plaintiffs with the MBE Defendants.

**6.     Non-Disparagement.** The Parties agree that, unless required to do so by legal process, Plaintiffs, Defendant Desai, Defendant Talati, and each corporate Defendant's officers and directors will not make any disparaging statements or representations, either directly or indirectly, whether orally or in writing, by word or gesture, to any person whatsoever, about the opposing party or any of the opposing corporate party's directors, officers, employees, agents or representatives. For purposes of this Paragraph 6, a disparaging statement or representation is any communication which, if publicized to another, would cause or tend to cause the recipient of the communication to question the business condition, integrity, competence, good character, or product quality of the person or entity to whom the communication relates.

The MBE Defendants each agree to provide a neutral reference to any future prospective employer of Plaintiffs upon the prospective employer's request, stating only Plaintiffs' respective last positions with the MBE Defendant(s), the dates of their respective former employment with the MBE Defendant(s), and that their respective employments with the MBE Defendants were

3

terminated by mutual agreement. Plaintiffs shall not request any such reference from Defendant Huddle House, Inc. If any such request is made of Huddle House, Inc., Huddle House, Inc. will respond that Plaintiffs were never employed by the Company.

**7.     Affirmations.** Plaintiffs each acknowledge and affirm that, as a result of this Agreement, Defendants have paid Plaintiffs all compensation and accrued benefits owed to them by Defendants, and no other compensation and/or benefits are due to Plaintiffs from Defendants except as provided for in this Agreement.

**8.     Adequate Consideration:** Plaintiffs and Defendants acknowledge that the consideration provided by each to the other is adequate and that this Agreement is a legally binding document with which all parties will faithfully comply.

**9.     Binding Nature:** This Agreement, and all the terms and provisions contained herein, shall bind the heirs, personal representatives, successors and assigns of each party, and inure to the benefit of each party, its heirs, agents, directors, officers, employees, servants, successors, and assigns.

**10.    Construction:** This Agreement shall not be construed in favor of one party or against the other.

**11.    Partial Invalidity:** Should any portion, word, clause, phrase, sentence or paragraph of this Agreement be declared void or unenforceable, such portion shall be considered independent and severable from the remainder, the validity of which shall remain unaffected.

**12.    Compliance with Terms:** The failure to insist upon compliance with any term, covenant or condition contained in this Agreement shall not be deemed a waiver of that term, covenant or condition, nor shall any waiver or relinquishment of any right or power contained in this Agreement at any one time or more times be deemed a waiver or relinquishment of any right or power at any other time or times.

**13.    Governing Law and Jurisdiction:** This Agreement shall be interpreted under the laws of the State of Georgia, both as to interpretation and performance. Any legal proceeding to enforce this Agreement or resolve any dispute arising out of this Agreement shall be brought exclusively in the state or federal courts of Fulton County, Georgia, and the parties hereby waive any objection or defense as to personal jurisdiction, venue, or forum in Fulton County, Georgia. The prevailing party shall be entitled to its attorneys' fees and costs of litigation if any party brings suit to enforce any term of this Agreement.

**14.    Section Headings:** The section and paragraph headings contained in this Agreement are for reference purposes only and shall not affect in any way the meaning or interpretation of this Agreement.

**15.    Counterparts:** This Agreement may be executed in counterparts, each of which shall be deemed an original, all of which together shall constitute one and the same instrument. The parties agree that signed facsimiles, .pdf, and other forms of electronic copies have the same force and effect as originals.

**16.     Time is of the Essence:**   Time is of the essence as to every provision of this Agreement.

**17.     Entire Agreement:**   This Agreement constitutes the entire agreement of all the parties hereto who have executed it and supersedes any and all other agreements, understandings, negotiations, or discussions, either oral or in writing, express or implied, between the parties to this Agreement related to the subject matter herein. The parties to this Agreement each acknowledge that no representations, inducements, promises, agreements or warranties, oral or otherwise, have been made by them, or anyone acting on their behalf, which are not embodied in this Agreement; that they have not executed this Agreement in reliance on any representation, inducement, promise, agreement, warranty, fact or circumstances, not expressly set forth in this Agreement; and that no representation, inducement, promise, agreement or warranty not contained in this Agreement, including, but not limited to, any other purported settlements, modifications, waivers or terminations of this Agreement, shall be valid or binding, unless executed in writing by all of the parties to this Agreement.

**18.     Knowledge and Understanding:**   Each party acknowledges and agrees that each has had sufficient time to review this Agreement, that each has conferred with counsel regarding this Agreement, and that each has received all information he/it requires from the other in order to knowingly execute this Agreement.  The parties acknowledge that each party has participated in the drafting of this Agreement and that each has had an equal opportunity to participate in the drafting of this Agreement.


_____            Date: _____
JAYLAE PRUITT



_____            Date: _____
RYAN GRAYSON



_____            Date: _____
SHAMEET DESAI



_____            Date: _____
RAVIN TALATI



_____            Date: _____
MAMA BHANJA ENTERPRISES, LLC

By: _____
Title: _____

                                                Date: _____

_____
HUDDLE HOUSE, INC.
By: _____
Title: _____

4850-9269-2827, v. 1

14. **Section Headings:**  The section and paragraph headings contained in this Agreement are for reference purposes only and shall not affect in any way the meaning or interpretation of this Agreement.

15. **Counterparts:**  This Agreement may be executed in counterparts, each of which shall be deemed an original, all of which together shall constitute one and the same instrument. The parties agree that signed facsimiles, .pdf, and other forms of electronic copies have the same force and effect as originals.

16. **Time is of the Essence:**  Time is of the essence as to every provision of this Agreement.

17. **Entire Agreement:**  This Agreement constitutes the entire agreement of all the parties hereto who have executed it and supersedes any and all other agreements, understandings, negotiations, or discussions, either oral or in writing, express or implied, between the parties to this Agreement related to the subject matter herein. The parties to this Agreement each acknowledge that no representations, inducements, promises, agreements or warranties, oral or otherwise, have been made by them, or anyone acting on their behalf, which are not embodied in this Agreement; that they have not executed this Agreement in reliance on any representation, inducement, promise, agreement, warranty, fact or circumstances, not expressly set forth in this Agreement; and that no representation, inducement, promise, agreement or warranty not contained in this Agreement, including, but not limited to, any other purported settlements, modifications, waivers or terminations of this Agreement, shall be valid or binding, unless executed in writing by all of the parties to this Agreement.

18. **Knowledge and Understanding:**  Each party acknowledges and agrees that each has had sufficient time to review this Agreement, that each has conferred with counsel regarding this Agreement, and that each has received all information he/it requires from the other in order to knowingly execute this Agreement. The parties acknowledge that each party has participated in the drafting of this Agreement and that each has had an equal opportunity to participate in the drafting of this Agreement.

JAYLAE PRUITT                                                                Date:

RYAN GRAYSON                                                              Date:

*/s/ Shameet Desai*   Date: 1/29/18
SHAMEET DESAI

5

*(signature)*            Date: 1/30/18

RAVIN TALATI

*(signature: Gujarati)*       Date: 1/30/2018

MAMA BHANJA ENTERPRISES, LLC
By: Sameera Gujarathi
Title: CEO

                                 Date:

HUDDLE HOUSE, INC.
By:
Title:

4850-9269-2827, v. 1

6

**16.    Time is of the Essence:**   Time is of the essence as to every provision of this Agreement.

**17.    Entire Agreement:**   This Agreement constitutes the entire agreement of all the parties hereto who have executed it and supersedes any and all other agreements, understandings, negotiations, or discussions, either oral or in writing, express or implied, between the parties to this Agreement related to the subject matter herein. The parties to this Agreement each acknowledge that no representations, inducements, promises, agreements or warranties, oral or otherwise, have been made by them, or anyone acting on their behalf, which are not embodied in this Agreement; that they have not executed this Agreement in reliance on any representation, inducement, promise, agreement, warranty, fact or circumstances, not expressly set forth in this Agreement; and that no representation, inducement, promise, agreement or warranty not contained in this Agreement, including, but not limited to, any other purported settlements, modifications, waivers or terminations of this Agreement, shall be valid or binding, unless executed in writing by all of the parties to this Agreement.

**18.    Knowledge and Understanding:**   Each party acknowledges and agrees that each has had sufficient time to review this Agreement, that each has conferred with counsel regarding this Agreement, and that each has received all information he/it requires from the other in order to knowingly execute this Agreement. The parties acknowledge that each party has participated in the drafting of this Agreement and that each has had an equal opportunity to participate in the drafting of this Agreement.

_____          Date: _____
JAYLAE PRUITT

_____          Date: 1-31-18
RYAN GRAYSON

_____          Date: _____
SHAMEET DESAI

_____          Date: _____
RAVIN TALATI

_____          Date: _____
MAMA BHANJA ENTERPRISES, LLC

**16.** **Time is of the Essence:** Time is of the essence as to every provision of this Agreement.

**17.** **Entire Agreement:** This Agreement constitutes the entire agreement of all the parties hereto who have executed it and supersedes any and all other agreements, understandings, negotiations, or discussions, either oral or in writing, express or implied, between the parties to this Agreement related to the subject matter herein. The parties to this Agreement each acknowledge that no representations, inducements, promises, agreements or warranties, oral or otherwise, have been made by them, or anyone acting on their behalf, which are not embodied in this Agreement; that they have not executed this Agreement in reliance on any representation, inducement, promise, agreement, warranty, fact or circumstances, not expressly set forth in this Agreement; and that no representation, inducement, promise, agreement or warranty not contained in this Agreement, including, but not limited to, any other purported settlements, modifications, waivers or terminations of this Agreement, shall be valid or binding, unless executed in writing by all of the parties to this Agreement.

**18.** **Knowledge and Understanding:** Each party acknowledges and agrees that each has had sufficient time to review this Agreement, that each has conferred with counsel regarding this Agreement, and that each has received all information he/it requires from the other in order to knowingly execute this Agreement. The parties acknowledge that each party has participated in the drafting of this Agreement and that each has had an equal opportunity to participate in the drafting of this Agreement.

______________________________ Date: 2-1-18
JAYLAE PRUITT

______________________________ Date: ________________
RYAN GRAYSON

______________________________ Date: ________________
SHAMEET DESAI

______________________________ Date: ________________
RAVIN TALATI

______________________________ Date: ________________
MAMA BHANJA ENTERPRISES, LLC

_____          Date: _____
MAMA BHANJA ENTERPRISES, LLC
By:    _____
Title: _____


_____/s/ signature_____          Date: _____
HUDDLE HOUSE, INC.
By:    _____
Title: _____


4850-9269-2827, v. 1